MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN  (State Bar No. 189268)
HADDAD & SHERWIN
505 Seventeenth Street
Oakland, California  94612
Telephone: (510) 452-5500
Fax: (510) 452-5510

JOHN L. BURRIS (State Bar No. 69888)
LAW OFFICES OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120
Oakland, CA  94621
Telephone: (510) 839-5200
Fax: (510) 839-3882

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE DOE, a minor, through her mother and Next Friend, MELBA DOE, on behalf of herself and all others similarly situated, ) ) ) ) | No. C-04-4914 |
| Plaintiff, ) ) | Hon. |
| vs. ) ) | **COMPLAINT FOR CLASS ACTION AND INDIVIDUAL RELIEF AND DEMAND FOR JURY TRIAL** |
| CITY AND COUNTY OF SAN FRANCISCO, a public entity, the JUVENILE PROBATION DEPARTMENT OF THE CITY AND COUNTY OF SAN FRANCISCO, a department of the City and County of San Francisco, TIM DIESTEL, Individually and as Director of Juvenile Hall, SAN FRANCISCO POLICE OFFICER JACQUELINE SELINGER #1302, SAN FRANCISCO POLICE OFFICER #1770, SAN FRANCISCO POLICE SERGEANT LEE #2171, SAN FRANCISCO POLICE SERGEANT THORNE #2120, OFFICER NEIL, and DOES 1-20, Jointly and Severally, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) ) | |

Plaintiff, by and through her attorneys, HADDAD & SHERWIN and THE LAW OFFICES OF JOHN L. BURRIS, for her Complaint against Defendants, states as follows:

## JURISDICTION

1.      This is a civil rights action arising from Defendants' unreasonable seizure and search of Plaintiff Marie Doe, a minor, on October 29-30, 2003, in the City and County of San Francisco, California.  This action seeks declaratory and injunctive relief, as well as damages, on behalf of Plaintiff and others similarly situated.  This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions.  Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims arising under state law.

2.      The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

## PARTIES AND PROCEDURE

3.      Plaintiff Marie Doe is a minor (Date of Birth: March 22, 1991) and brings these claims through her mother and Next Friend, Melba Doe, pursuant to FRCivP 17(c).  Plaintiff Marie Doe is a resident of the City and County of San Francisco, State of California.  Plaintiff Marie Doe brings these claims on behalf of herself and all others similarly situated, as more fully set forth below.

4.      Plaintiff Marie Doe brings these claims anonymously to protect her privacy, and to protect herself from harassment, injury, ridicule, or personal

embarrassment.  This case involves highly personal and sensitive matters relating to a Plaintiff who was a 12-year-old girl at the time of the events alleged herein.  Defendants suffer no prejudice from this anonymous pleading, as Plaintiff's Government Code claim was filed in her true name and is referenced herein by the claim number assigned by Defendants, No. 04-03278, for the convenience of Defendants.  The public's interest in knowing about the allegations contained herein can be satisfied without revealing Plaintiff Doe's name in the court record.

5.     Defendant City and County of San Francisco (also referred to as "CCSF") is a municipal corporation established by the laws and constitution of the State of California, and owns, operates, manages, directs, and controls the San Francisco Police Department and the Juvenile Probation Department of the City and County of San Francisco which employ other defendants in this action.

6.     Defendant Juvenile Probation Department of the City and County of San Francisco (also referred to as "Juvenile Probation Department") is a department of the City and County of San Francisco, and is responsible for administering Juvenile Hall, a youth detention facility for the City and County of San Francisco.

7.     Defendant Tim Diestal, Director of Juvenile Hall, is a resident of the State of California.  He is being sued in his individual and official capacities.  At all material times, Defendant Diestal was acting within the course and scope of his employment with the City and County of San Francisco and with the Juvenile Probation Department as Director of Juvenile Hall.

8.     Defendant San Francisco Police officers Jacqueline Selinger #1302, Officer # 1770, Sergeant Lee #2171, and Sergeant Thorne #2120 were at all material

times employed as police officers by Defendant City and County of San Francisco, and were acting within the course and scope of their employment as law enforcement officers.  Defendant Officer Neil, on information and belief, was at all material times employed by Defendant City and County of San Francisco in the Juvenile Probation Department, and was acting within the course and scope of that employment.

9.     The true names and capacities of Defendants sued herein as Does 1-20 ("Doe defendants") are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave to amend this complaint to show their true names and capacities when the same are ascertained.

10.     Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff.  Further, one or more Doe defendants was at all material times responsible for the hiring, training, supervision, control, and discipline of the named defendants herein as well as of other Doe defendants.

11.     Plaintiff is informed and believes, and thereon alleges, that each of the defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the defendants herein gave consent, aid, and assistance to each of the remaining defendants, and ratified and/or authorized the acts or omissions of each defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

12.     At all material times, each defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiff's constitutional rights and other harm.

13.     Each individual defendant is sued in his/her individual and official capacities.

14.     At all material times, each defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

15.     At all material times, Defendant Tim Diestal, Defendant San Francisco Police officers Jacqueline Selinger #1302, Officer # 1770, Sergeant Lee #2171, Sergeant Thorne #2120, and Defendant Officer Neil acted pursuant to the actual customs, policies, practices and procedures of the City and County of San Francisco, the San Francisco Police Department and/or the Juvenile Probation Department.

16.     This complaint may be pled in the alternative pursuant to FRCivP 8(e)(2).

## GENERAL ALLEGATIONS

17.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

18.     At all material times, Plaintiff Marie Doe was a twelve-year-old, seventh grade female student at Luther Burbank Middle School in San Francisco.

19.     On or about October 21, 2003, a male student kicked Plaintiff and engaged in horseplay with Plaintiff and another female student.  Defendants have alleged that the other female student brought the male student to the ground and kneed him in the stomach.

20.     The male student later claimed that he sustained a temporary, non-incapacitating stomach ache that did not require medical treatment.

21.     There was no evidence or allegation that Plaintiff Marie Doe caused any injury to the male student or to anyone else in that incident.

22.     The school administration reported the incident to Defendant San Francisco Police approximately one week later on or about October 28, 2003.

23.     The next day, on or about October 29, 2003, the school administration provided statements from the Plaintiff Marie Doe and the two other students involved in the horseplay incident that had taken place eight days earlier to Defendants CCSF and Police Officer Jacqueline Selinger, #1302.

24.     Defendant Selinger interrogated Plaintiff Marie Doe and the other students, without the knowledge, presence, or consent of their parents.

25.     Defendants Police officers Jacqueline Selinger #1302, Officer # 1770, Sergeant Lee #2171, Sergeant Thorne #2120, Defendant Officer Neil and/or Doe Defendants decided, or approved the decision, to arrest Plaintiff Marie Doe and the other female student for violation of Cal. Penal Code § 245(a)(1) and wrote that the factual basis for that charge against Plaintiff was "assault with a deadly weapon (feet)."

26.     Defendants Police officers Jacqueline Selinger #1302, Officer # 1770, Sergeant Lee #2171, Sergeant Thorne #2120, Defendant Officer Neil, and/or Doe Defendants also decided, or approved the decision, to incarcerate Plaintiff Marie Doe at Juvenile Hall.

27.     Defendant Selinger and/or Doe Defendants physically searched Marie Doe at the school, including searching her bra, before removing her from the school premises.

28.     At no time prior to Defendants' interrogation, arrest, search, and removal of the students from school premises did any Defendant or school official contact Plaintiff's mother.

29.     After Defendants took Plaintiff Marie Doe to Defendants' Youth Guidance Center (also referred to herein as "Juvenile Hall"), Plaintiff's mother, Melba Doe, was contacted for the first time about the incident and informed by Defendant Selinger that her daughter had been arrested and sent to juvenile hall for assault with a deadly weapon.

30.     At Juvenile Hall, Defendants booked Plaintiff Marie Doe into custody for alleged "assault with a deadly weapon (feet)" in violation of California Penal Code § 245(a)(1) as well as violation of California Welfare and Institutions Code § 602.

31.     Any reasonable law enforcement officer would have known at that time that there was no legal basis for Plaintiff Marie Doe's arrest or incarceration under these circumstances, since, among other reasons, the law was clearly established that a person's feet, or any part of a person's body, as a matter of law cannot constitute a "deadly weapon" under Cal. Penal Code § 245(a)(1).

32.     Defendants booked Marie Doe, photographed and fingerprinted her, ordered her to take a shower, and gave her jail clothing to wear.  On information and belief, during Plaintiff's shower, one or more Doe Defendants conducted a visual strip search of Plaintiff.

33.     A Doe Defendant officer and employee of Defendant City and County of San Francisco and its Juvenile Probation Department interrogated Marie Doe about her sexual and menstrual history, and conducted non-consensual medical testing and/or

procedures on Plaintiff Marie Doe including but not limited to the taking of blood and urine samples from Plaintiff.

34.     At no time did any Defendant obtain any proper consent from Plaintiff Doe or her mother for these intrusive inquiries and tests.

35.     Defendants allowed Plaintiff Marie Doe to see her mother for a supervised visit in the early evening on October 29, 2003.

36.     After Marie Doe's visit with her mother, a female Doe Defendant, an employee and agent of Defendants CCSF and the Juvenile Probation Department, ordered Plaintiff Marie Doe to pull her pants and underpants down to reveal her naked genital area, and to squat and cough.  Plaintiff Marie Doe complied with that order.

37.     At all material times, Plaintiff Marie Doe had no drugs, weapons, or any other contraband.

38.     At all material times, no Defendant had any evidence, reasonable suspicion, or reason to believe that Plaintiff Marie Doe was hiding any drugs, weapons, or other contraband anywhere, including on her person.

39.     Defendants never obtained any consent for any interrogation, search or strip search of Plaintiff Marie Doe.

40.     At all material times, Plaintiff was behaving peacefully and did not threaten Defendants or any other person.

41.     Defendants' interrogations, searches, seizure, arrest, incarceration, and medical testing/procedures conducted on Plaintiff were all without Warrant, probable cause, reasonable suspicion, or other legal right.

42.     Defendants' interrogations, searches, seizure, arrest, incarceration, and medical testing/procedures conducted on Plaintiff were all in violation of Plaintiff Marie Doe's legally protected privacy interest, in violation of Plaintiff Marie Doe's reasonable expectation of privacy under the circumstances, and constitute a serious violation of Plaintiff Marie Doe's protected privacy interest.

43.     Defendants held Plaintiff Marie Doe in custody overnight in a cell, and released her to her mother the next day, October 30, 2003.

44.     Marie Doe was never charged with any crime in connection with this incident.

45.     At all material times, and alternatively, the actions and omissions of each Defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff's rights, done with actual malice, grossly negligent, negligent, and/or objectively unreasonable.

46.     Plaintiff Marie Doe filed timely government claims under her true name, pursuant to California Government Code section 910 et seq. with Defendant City and County of San Francisco which denied those claims, under claim number 04-03278, on May 19, 2004.

47.     As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff Marie Doe sustained the following injuries and damages, past and future, among others:

        a.     Wrongful interrogations, searches, seizure, arrest, incarceration and non-consensual medical testing/procedures, including testing of plaintiff's blood and urine;

        b.     pain, suffering, and emotional distress;

c.      invasion of privacy;

d.      violation of constitutional rights;

e.      all damages and penalties recoverable under 42 USC §§ 1983 and 1988, Cal. Civ. Code §§ 52 et seq., and 52.1 et seq., Cal. Penal Code § 4030, Cal. Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law

48.     Defendants subjected Plaintiff Marie Doe to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

49.     The conduct of Defendants entitles Plaintiff Marie Doe to punitive damages and penalties allowable under 42 USC §1983 and California law against Defendant Tim Diestal, Defendant San Francisco Police officers Jacqueline Selinger #1302, Officer # 1770, Sergeant Lee #2171, Sergeant Thorne #2120, Defendant Officer Neil, and Does 1-20.

50.     Plaintiff Marie Doe is also entitled to reasonable costs and attorney fees from all Defendants under 42 USC §1988 and applicable California codes and laws.

## CLASS ALLEGATIONS

51.     Plaintiff is informed and believes, and thereon alleges, that Defendants routinely follow a custom, policy, and/or practice of each of the following with respect to minors taken into custody at Juvenile Hall, with deliberate indifference to the rights and safety of such minors:

a.      to fail to investigate and review the basis for the arrest and proposed criminal charges against the minor to ensure that the minor is properly and legally arrested and within the custody of the Juvenile Probation Department;

     b.    to engage in strip searches and/or visual body cavity searches, as defined by Cal Penal Code § 4030, of minors who are pretrial detainees, without having, and without recording in writing, a proper legal basis for the searches;

     c.    to do non-consensual medical procedures, inquiries, and/or testing on minors who are pretrial detainees, including the taking and testing of blood and urine and inquiring into the sexual and reproductive history of the minor, without having, and without recording in writing, a proper legal basis for the procedures, inquiries, and testing.

52.    Plaintiff is informed and believes, and thereon alleges, that Defendants' custom, policy, and/or practice to conduct strip searches and/or visual body cavity searches of minors who are pretrial detainees at Juvenile Hall is routinely without regard to the nature of the offense for which the minor had been arrested, without regard to whether or not the minors were eligible for cite and release under Cal. Penal Code § 853.6, without regard to whether or not the minors were eligible for release on their own recognizance, without Defendants having a reasonable belief that the minors so searched possessed weapons or contraband or that there existed facts supporting a reasonable belief that the searches would produce contraband, and without proper legal basis.

53.    Plaintiff is informed and believes, and thereon alleges, that Defendants' custom, policy, and/or practice to conduct strip searches and/or visual body cavity searches of minors who are pretrial detainees at Juvenile Hall is routinely done in violation of Cal. Penal Code § 4030, California Code of Regulations § 1360, and other statutes and regulations.

54.     The conduct of Defendants with respect to Plaintiff Marie Doe as described herein was also pursuant to the customs, policies, and/or practices set forth in the preceding paragraphs.

55.     Plaintiff Marie Doe brings this action on her own behalf and on behalf of all persons similarly situated pursuant to FRCivP 23.

56.     The proposed class consists of all persons, in the period from and including November 18, 1999 to the present and continuing until this matter is adjudicated and the unlawful customs, policies, and/or practices complained of herein cease, who were arrested as minors and subjected to a pre-arraignment strip and/or visual body cavity search at Juvenile Hall without legal basis and without Defendants having, and documenting, a reasonable suspicion that the search would produce contraband or weapons.

57.     The proposed class also consists of all persons, in the period from and including November 18, 1999 to the present and continuing until this matter is adjudicated and the unlawful customs, policies, and/or practices complained of herein cease, who were arrested as minors and subjected to pre-arraignment, non-consensual medical procedures, testing, and/or inquiries at Juvenile Hall, without legal basis and in violation of the minor's right to privacy and bodily integrity under the law.

58.     In accordance with F.R.Civ.P. 23, the class is so numerous that joinder of all members is impracticable.  Plaintiff does not know the exact number of class members.  However, Plaintiff is informed and believes and thereon alleges that Defendants arrested and detained 11,791 children at Juvenile Hall during the years

1999-2003, and that Defendants subject these arrestees to improper strip searches, blood and urine testing, and other medical inquiries, as a matter of custom, policy, and/or practice.

59.   Plaintiff is informed and believes and thereon alleges, these inappropriate and illegal searches and testing customs, policies, and/or practices have existed for years and will continue to affect more potential class members in the future.

60.   There are questions of law and fact common to the class of plaintiffs, including but not limited to:  the constitutionality of automatic pre-arraignment strip searches of minors at Juvenile Hall with no warrant, reasonable suspicion that the minor possesses contraband or a weapon, or any proper legal basis; the constitutionality of automatic blood and urine testing and medical inquiries into the minor's sexual and reproductive history; whether Defendants routinely subject all arrestees to such searches and tests; whether there are less burdensome and intrusive means by which Defendants could accomplish their legitimate penological interests; whether Defendants' strip search and medical testing customs, policies, and/or practices otherwise violate federal or California law, including the California Constitution; whether Defendants shall be required, before conducting any strip searches on minors, to have a reasonable suspicion, based on specific, articulable facts, that the minor has concealed drugs, weapons, or other contraband that would likely be revealed by the strip search; whether Defendants shall be prohibited from performing strip searches on minors except when a supervisor has authorized the strip search; whether the legal justification for the strip search, including the facts giving rise to the reasonable suspicion described above, shall be required to be documented in writing.

61.     The claims of the representative Plaintiff Marie Doe are typical of the claims of the class of plaintiffs.  Plaintiff Doe was subjected to a pre-arraignment strip search at juvenile hall, with no reasonable suspicion that she possessed any weapons or contraband, no prior authorization of the search by a supervisor, and no documentation of the justification for the search.  Additionally, Plaintiff Doe was subjected to blood and urine testing, and intrusive inquiries concerning her sexual and reproductive history, without the consent of her mother.

62.     Representative Plaintiff Doe has the same interests and has suffered the same types of injuries as all of the class members.  The claims of Plaintiff Doe and the class members arise from the same customs, policies, and/or practices of the Defendants that have damaged all class members.  Plaintiff Doe's interests are consistent with, and not antagonistic to, the interests of the class.

63.     The named Plaintiff will fairly and adequately represent and protect the interests of the members of the class.  Plaintiff's counsel are experienced in litigating federal civil rights cases, including cases against the City and County of San Francisco alleging unlawful and inappropriate searches.  Plaintiff's counsel includes an attorney experienced in class actions and cases involving unlawful strip searches.  Counsel have the resources and expertise to prosecute this action.

64.     The prosecution of separate actions by individual members of the class would create a risk that inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for Defendants.

65.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making final injunctive and declaratory relief with respect to the class as a whole appropriate.

66.     Additionally, prosecution of separate actions would create a risk of adjudications with respect to individual members of the class that would, as a practical matter, be dispositive of the interests of the other members who are not parties, or would substantially impair or impede their ability to protect their interests.

## COUNT ONE
### -- 42 USC §1983 --
### ALL DEFENDANTS EXCEPT CCSF AND JUVENILE PROBATION DEPARTMENT

67.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

68.     By the actions and omissions described above, all Defendants violated 42 USC §1983, depriving Plaintiff and the class members of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to U.S. Constitution:

   a.    The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

   b.    The right to be free from invasion of privacy as secured by the Fourth and Fourteenth Amendments;

   c.    The right to be free from the deprivation of life, liberty and property without due process of law, including the right to be free from invasion of privacy and violation of bodily integrity, as secured by the Fourteenth Amendment.

69.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff and class members sustained injuries and damages, and are each entitled to relief as described above at ¶¶ 47-50, including compensatory and punitive damages and penalties, and attorneys' fees and costs, for Plaintiff and class members.

**COUNT TWO**
**- 42 USC §1983 –**
**DEFENDANTS CCSF, JUVENILE PROBATION DEPARTMENT, TIM DIESTEL AND DOES 1-20**

70.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

71.     On information and belief, the unconstitutional actions and/or omissions of Defendant Tim Diestal, Defendant San Francisco Police officers Jacqueline Selinger #1302, Officer # 1770, Sergeant Lee #2171, Sergeant Thorne #2120, Defendant Officer Neil, and Does 1-20, as well as other officers employed by or acting on behalf of Defendant CCSF, were pursuant to the following customs, policies, practices, and/or procedures of CCSF, The Department of Juvenile Probation and the San Francisco Police Department, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for CCSF, The Department of Juvenile Probation and the San Francisco Police Department:

> a.     To engage in or tolerate unreasonable searches and seizures, including unlawful strip and/or visual body cavity searches of minors, and unlawful medical procedures, testing, and inquiries of minors, as described above;
>
> b.     To engage in or tolerate serious invasions of minors' rights to privacy, including unlawful strip and/or visual body cavity searches of minors, and unlawful medical procedures, testing, and inquiries of minors, as described above;

c.      To engage in or tolerate unlawful seizures of minors, or to fail to investigate and review the basis for the arrest and proposed criminal charges against minors to ensure that minors are properly and legally arrested and within the custody of the San Francisco Police Department and the Juvenile Probation Department;

d.      To fail to institute and require proper and adequate training, supervision, policies, and procedures concerning searches and seizures of minors;

e.      To cover-up violations of constitutional rights by any or all of the following:

i.   by failing to properly investigate and/or evaluate complaints or incidents of unlawful searches and seizures, or serious invasions of privacy;

ii.      by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful activity by police or employees/agents of the Juvenile Probation Department; and

iii.      by allowing, tolerating, and/or encouraging police officers and employees/agents of the Juvenile Probation Department to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and obstruct and/or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

f.      To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers, police department personnel, and employees/agents of the Juvenile Probation Department whereby an officer or member of the organization does not provide adverse information against a fellow officer or member of the organization or hold another member accountable for official misconduct; and,

g.      To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct.

72.     Defendants Tim Diestel, CCSF, the Department of Juvenile Probation and DOES 1-20 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendant Tim Diestal, Defendant San Francisco Police officers Jacqueline Selinger #1302, Officer # 1770, Sergeant Lee #2171, Sergeant Thorne #2120, Defendant Officer Neil, other DOES 1-20, and other Police Department and Juvenile Probation Department personnel, with deliberate indifference to the Constitutional rights of Plaintiff Marie Doe and class members, which were thereby violated as described above.

73.     The unconstitutional actions and/or omissions of Defendants Tim Diestal, Defendant San Francisco Police officers Jacqueline Selinger #1302, Officer # 1770, Sergeant Lee #2171, Sergeant Thorne #2120, Defendant Officer Neil, and other Police Department personnel, as described above, were approved, tolerated and/or ratified by policy making officers for Defendants CCSF, the Juvenile Probation Department and the San Francisco Police Department.  Plaintiff is informed and believes, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within the CCSF, the Juvenile Probation Department and the San Francisco Police Department, and that such policy makers have direct knowledge of the facts of this incident.  Notwithstanding this knowledge, the authorized policy makers within the CCSF, the Juvenile Probation Department and the San Francisco Police Department have approved of the conduct of Defendants Tim Diestal, Defendant San Francisco Police officers Jacqueline Selinger #1302, Officer # 1770, Sergeant Lee #2171, Sergeant Thorne #2120, Defendant Officer Neil, and other Police Department personnel, and have made a deliberate choice to endorse the decisions of those

defendant officers and the basis for those decisions.  By so doing, the authorized policy makers within the CCSF, the Juvenile Probation Department and the San Francisco Police Department have shown affirmative agreement with the individual defendant officers' actions, and have ratified the unconstitutional acts of the individual defendant officers.

74.      The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendants Tim Diestel, CCSF, the Juvenile Probation Department and DOES 1-20, were a moving force and/or a proximate cause of the deprivations of the clearly-established and well-settled constitutional rights of Plaintiff Marie Doe and class members in violation of 42 USC §1983, as more fully set forth in Paragraph 68, above.

75.      Defendants subjected Plaintiff and class members to their wrongful conduct, depriving Plaintiff and class members of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff, class members, and others would be violated by their acts and/or omissions.

76.      As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants Tim Diestel, CCSF, the Juvenile Probation Department and DOES 1-20, as described above, Plaintiff and class members sustained injuries and damages, and are each entitled to relief as described above at ¶¶ 47-50, including compensatory and punitive damages and penalties, and attorneys' fees and costs, for Plaintiff and class members.

**COUNT THREE**
**-- DIRECT VIOLATION OF CALIFORNIA CONSTITUTION --**
**ALL DEFENDANTS**

77.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

78.     Through their actions, omissions, customs, and policies as described above, each Defendant acting in concert/conspiracy as described above, violated the rights protected by the California Constitution of Plaintiff Marie Doe and class members, including but not limited to the following:

      a.     The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;

      b.     The right to be free from unlawful and/or unreasonable seizure of one's person as secured by the California Constitution, Article 1, Section 13;

79.     As a direct and proximate result of Defendants' violation of the rights of Plaintiff Marie Doe and class members under the California Constitution, Plaintiff and class members sustained injuries and damages, and are each entitled to relief as described above at ¶¶ 47-50, including compensatory and punitive damages and penalties, and attorneys' fees and costs, for Plaintiff and class members.

**COUNT FOUR**
**-- VIOLATION OF CIVIL CODE §52.1 --**
**ALL DEFENDANTS**

80.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

81.   By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, violated the rights of Plaintiff and class members under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

a.   The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

b.   The right to be free from invasion of privacy as secured by the Fourth and Fourteenth Amendments;

c.   The right to be free from the deprivation of  life, liberty and property without due process of law, including the right to be free from invasion of privacy and violation of bodily integrity, as secured by the Fourteenth Amendment.

d.   The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;

e.   The right to be free from unlawful and/or unreasonable seizure of one's person as secured by the California Constitution, Article 1, Section 13;

f.   The right to be free from unlawful searches as secured by Cal. Penal Code § 4030;

g.   The right to protection from bodily restraint, harm, or personal insult, as secured by Civil Code § 43.

82.   As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of the rights of Plaintiff and class members under the United States and California Constitutions and law, Plaintiff and class members sustained injuries and damages, and are each entitled to relief as described above at ¶¶ 47-50, including compensatory and punitive damages and penalties, and attorneys' fees and costs, for Plaintiff and class members.

**COUNT FIVE**
**-- VIOLATION OF CALIFORNIA PENAL CODE § 4030 --**
**ALL DEFENDANTS**

83.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

84.     By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, violated the rights of Plaintiff and class members secured by California Penal Code § 4030 to be free from unlawful strip and/or visual body cavity searches.

85.     As a direct and proximate result of Defendants' violation of California Penal Code § 4030, Plaintiff and class members sustained injuries and damages, and are each entitled to relief as described above at ¶¶ 47-50, including compensatory and punitive damages and penalties, and attorneys' fees and costs, for Plaintiff and class members.

**COUNT SIX**
**-- ASSAULT AND BATTERY --**
**ALL DEFENDANTS**

86.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

87.     The actions and omissions of Defendants as set forth above constitute assault and battery.

88.     As a direct and proximate result of Defendants' assault and battery of Plaintiff and class members, Plaintiff and class members sustained injuries and damages, and are each entitled to relief as described above at ¶¶ 47-50, including

compensatory and punitive damages and penalties, and attorneys' fees and costs, for

Plaintiff and class members.

WHEREFORE, Plaintiff and class members respectfully request the following

relief against each and every Defendant herein, jointly and severally:

a.  compensatory and exemplary damages, including all civil penalties allowed under federal and California law, in an amount according to proof and which is fair, just and reasonable;

b.  punitive damages under 42 USC §1983 and California law in an amount according to proof and which is fair, just, and reasonable;

c.  all other damages, penalties, costs, interest, and attorney fees as allowed by 42 USC §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., and 52.1 et seq., Cal. Penal Code § 4030, Cal. Code of Civ. Proc. § 1021.5, and as otherwise allowed by California and federal law;

d.  Declaratory and Injunctive relief, including but not limited to the following:

    i.  An order declaring Defendants customs, policies, and/or practices concerning strip and/or visual body cavity searches of minors at Juvenile Hall, concerning certain medical procedures, testing, and inquiries of minors at Juvenile Hall, and concerning the incarceration, without proper legal basis, of minors at Juvenile Hall, to be unlawful;

    ii. an order prohibiting Defendants and their officers from unlawfully interfering with the rights of Plaintiff, class members, and others to be free from unreasonable searches and seizures and serious invasions of privacy;

    iii. an order requiring Defendants to rescind any and all of their policies, practices, procedures, and/or customs allowing unlawful strip and/or visual body cavity searches of minors at Juvenile Hall, unlawful medical procedures, testing, and inquiries of minors at Juvenile Hall, and the unlawful incarceration of minors at Juvenile Hall;

iv.      an order requiring Defendants to institute and enforce appropriate and lawful policies and procedures prohibiting unlawful strip and/or visual body cavity searches of minors at Juvenile Hall, unlawful medical procedures, testing, and inquiries of minors at Juvenile Hall, and the unlawful incarceration of minors at Juvenile Hall;

v.       an order prohibiting Defendants and their officers from engaging in the "code of silence" as may be supported by the evidence in this case;

vi.      an order requiring Defendants to train all officer and personnel of the Juvenile Probation Department and the Police Department concerning unlawful strip and/or visual body cavity searches of minors at Juvenile Hall, unlawful medical procedures, testing, and inquiries of minors at Juvenile Hall, the unlawful seizure, arrest, and incarceration of minors at Juvenile Hall, and this Court's orders concerning the issues raised in injunctive relief requests i-v, above;

vii.     for Plaintiff Marie Doe, an order requiring Defendants to destroy all photos, fingerprints, blood samples, urine samples, all booking information and all other information concerning Plaintiff Doe and this arrest/incarceration at Juvenile Hall; an order requiring Defendants to seal or destroy all records of this arrest/incarceration of Plaintiff Marie Doe; and an order requiring Defendants to remove any and all information concerning this arrest/incarceration of Plaintiff Marie Doe from all law enforcement databases.

e.       such other and further relief as this Court may deem appropriate.

DATED:  November 18, 2004          HADDAD & SHERWIN


_____

MICHAEL J. HADDAD


_____

JULIA SHERWIN

Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury.


DATED:  November 18, 2004

                                        HADDAD & SHERWIN


_____

MICHAEL J. HADDAD


_____

JULIA SHERWIN

Attorneys for Plaintiff