1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  Marie Doe, a minor, through her mother and          No. C04-04914 MJJ
    Next Friend, Melba Doe, on behalf of herself and
12  all other similarly situated,                       **ORDER RE MOTION TO DISMISS,**
                                                        **MOTION TO STRIKE, AND MOTION**
13                      Plaintiffs,                     **FOR MORE DEFINITE STATEMENT**

14      v.

15  City and County of San Francisco, *et al.*,

16                      Defendants.
    _____/
17

18          Pending before the Court is Defendants City and County of San Francisco, Juvenile Probation

19  Department of the City and County of San Francisco, and Tim Diestel's: "(1) Motion to Dismiss First

20  Amended Complaint for Failure to State a Claim; (2) Motion to Strike Certain Allegations; and (3)

21  Motion for a More Definite Statement," (Doc. #33).  Plaintiff Marie Doe, through her mother and Next

22  Friend, Melba Doe, has filed an Opposition (Doc. #34), and Defendants have filed a Reply (Doc. #37).

23  The Court now rules as follows.

24  **I.      Background**

25          Plaintiff brings this civil rights action based on events that occurred on October 29-30, 2003,

26  when Plaintiff was arrested and booked into jail.  Plaintiff seeks declaratory and injunctive relief, as well

27  as damages on behalf of herself and on behalf of others similarly situated.  The material facts from her

28  First Amended Complaint (Doc. #30) are summarized as follows.

            At the time of the events giving rise to this lawsuit, Plaintiff was twelve years old, and attending

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

the seventh grade at Luther Burbank Middle School in San Francisco. While at school on October 21, 2003, a male student kicked Plaintiff and engaged in "horseplay" with her and another female student. At some point during this interaction, the female student brought the male student to the ground and kneed him in the stomach.

The following week, the school reported the incident to the San Francisco Police Department. The school administration also provided statements from Plaintiff and the two other students involved in the incident to Police Officer Jacqueline Selinger, who thereafter interrogated Plaintiff and the other students. On October 29, 2003, Officer Selinger, along with Officer #1770, Officer Neil, Sergeant Lee, and Sergeant Thorne, arrested Plaintiff and the other female student for violation of California Penal Code § 245(a)(1), for "assault with a deadly weapon (feet)." Before taking Plaintiff to Juvenile Hall for processing, the Officers physically searched Plaintiff at the school. The search did not uncover any drugs, weapons, or contraband on Plaintiff's person. Defendants did not contact Plaintiff's mother before they interrogated, arrested, or searched Plaintiff, or before they transported her to Juvenile Hall.

At Juvenile Hall, Defendants booked Plaintiff into custody, took her photograph and fingerprints, ordered her to take a shower and to change into a jail uniform, and placed her in a cell. Thereafter, a Juvenile Probation Department employee interrogated Plaintiff about her sexual and menstrual history, and conducted non-consensual medical testing on Plaintiff, including taking blood and urine samples from her. That night, Plaintiff met with her mother during a supervised visitation. Later that night, a female Juvenile Probation Department employee ordered Plaintiff to disrobe to reveal her genital area, and directed Plaintiff to squat and cough. Defendants held Plaintiff overnight. The following day, on October 30, 2003, Defendants released Plaintiff to her mother. Defendants never brought charges against her.

On November 18, 2004, Plaintiff filed her initial Complaint against Defendants. (Doc. #1.) Defendants thereafter moved to dismiss certain claims in the Complaint. (Doc. #7.) On August 16, 2005, the Court granted Defendants' Motion in part, and denied it in part. (Doc. #29.) Specifically, the Court dismissed Plaintiff's Count IV for violation of California Civil Code § 52.1 based on governmental immunities set forth in California Government Code §§ 844.6 and 820.02. Additionally, the Court dismissed Count V for violation of California Penal Code § 4030. Finally, the Court

United States District Court

For the Northern District of California

1   dismissed Plaintiff's assault and battery claim in Count VI with respect to the supervisor's vicarious

2   liability for damages, based on the governmental immunities in §§ 820.2 and 820.8.  The Court granted

3   Plaintiff leave to amend with respect to Counts IV and VI.

4        Plaintiff thereafter filed her First Amended Complaint for Class Action and Individual Relief

5   (Doc. #30), wherein she brings the following claims.  In Count One, Plaintiff asserts a claim pursuant

6   to 42 U.S.C. § 1983 against all Defendants for violation of her rights under the Fourth and Fourteenth

7   Amendments, including: (a) "the right to be free from unreasonable searches and seizures"; (b) the right

8   to be free from invasion of privacy"; (c) "the right to be free from the deprivation of life, liberty, and

9   property without due process o law, including the right to be free from invasion of privacy and violation

10  of bodily integrity[.]"  In Count Two, Plaintiff asserts a § 1983 claim against the City and County of San

11  Francisco, the Juvenile Probation Department, and Tim Diestel, alleging that the individual defendants

12  were acting pursuant to Defendants' customs, policies, practices, and/or procedures.  In Count Three,

13  Plaintiff asserts a claim against all Defendants for violation of the California Constitution, Article 1, §§

14  1 and 13.  In Count Four, Plaintiff asserts a claim against all Defendants for violation of California Civil

15  Code § 52.1, based on violations of her rights under the California and United States Constitutions and

16  California law.  In Count Five Plaintiff asserts claim for assault and battery against Defendants City and

17  County of San Francisco and th Juvenile Probation Department.

18  **II.    Legal Standards**

19       **A.    Motion to Dismiss**

20       A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim.  *Navarro*

21  *v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Because the focus of a 12(b)(6) motion is on the legal

22  sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face

23  of the complaint.  *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

24  Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or

25  failed to allege sufficient facts under a cognizable legal theory.  *See SmileCare Dental Group v. Delta*

26  *Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d

27  696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

28  Further, dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of

facts in support of a claim.  *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990).  In considering a 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff.  *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

**B.    Motion to Strike**

Pursuant to Rule 12(f), "Upon motion made by a party before responding to a pleading . . . the court may order stricken from any pleading any insufficient defense are any redundant, immaterial, impertinent, or scandalous matter."

**C.    Motion for a More Definite Statement**

Under Rule 12(e), "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."  In filing a motion pursuant to Rule 12(e), the movant must "point out the defects complained of and the details desired."

**III.    Discussion**

**A.    Allegations regarding violation of California Penal Code Section 4030**

As indicated above, in its prior Order, the Court granted Defendants' Motion to Dismiss Plaintiffs' Count V for violation of California Penal Code § 4030 without leave to amend.  (*See* Doc. #29 at 2.)  While Plaintiff's First Amended Complaint does not contain a separate claim for violation of § 4030, it includes allegations that Defendants violated § 4030 in its class allegations and in Count Four for violation of Civil Code § 52.1.

As to Plaintiff's statements in their class allegations, Defendants argue that because Plaintiff cannot maintain a claim for violation of § 4030, she cannot represent a potential class of persons who may have a § 4030 claim.  With respect to Plaintiff's allegations in Count Four for violation of California Civil Code § 52.1, Defendants argue that, because the Court held that Plaintiff does not have a viable legal claim under § 4030, she cannot premise a claim pursuant to § 52.1 on a violation of 4030.

Plaintiff responds that the Court's prior dismissal of her § 4030 claims does not preclude her from bringing a claim under Civil Code § 52.1 for  interference or attempted interference with her and the class of Plaintiffs' rights under California law.  (Opp. at 8-9.)  The Court, however, agrees with

United States District Court
For the Northern District of California

1    Defendants.

2        In its prior Order, the Court dismissed Plaintiff's claim for violation of Penal Code § 4030

3    because it failed as a matter of law.[1]  Plaintiff cannot attempt to revive her claim for violation of § 4030

4    by alleging it as a basis in support of her claim under Civil Code § 52.1.  Moreover, because Plaintiff

5    has no personal claim based on a violation of § 4030, she cannot represent a putative class of plaintiffs

6    who may have claims for violation of § 4030.  *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 156 (1982)

7    ("As [the Supreme Court] has repeatedly held, a class representative must be part of the class and

8    possess the same interest and suffer the same injury as the class members.") (internal quotations

9    omitted).  The Court therefore **GRANTS** Defendants' request as follows: any allegations regarding a

10   violation of Penal Code § 4030 shall be deemed stricken from Plaintiff's First Amended Complaint.

11       **B.**    **Damages Claim Under Civil Code Section 52.1**

12       Next, Defendants urge the Court to strike part of paragraph 83 in Plaintiff's First Amended

13   Complaint which, as part of her claim under Civil Code § 52.1, requests "compensatory and punitive

14   damages and penalties."  Defendants contend that the Court previously dismissed Plaintiff's claim for

15   damages under § 52.1 based on the immunities set forth in California Government Code §§ 844.6 and

16   820.2, but allowed Plaintiff's claim for injunctive relief under § 52.1(b) to proceed.  Defendants argue

17   that, because Plaintiff is not entitled to damages or monetary recovery on her § 52.1 claim, this language

18   must be stricken.

19       In her Opposition, Plaintiff does not address Defendants' argument regarding the availability of

20   damages for a § 52.1 claim, but rather argues that Defendants are not shielded by governmental

21   immunity from her 52.1 claim.  The Court, however, previously considered this issue when resolving

22   Defendants' first Motion to Dismiss, and dismissed Plaintiff's damages claim under § 52.1 based on

23   immunities set forth in Government Code §§ 844.6 and 820.2.  Plaintiff has not presented any new

24

25

26

27

---

28       [1]Specifically, Plaintiff has alleged that she was arrested on an assault charge - a violent offense which is expressly excepted from Penal Code § 4030's limitations against strip searches.  *See* Cal. Penal Code § 4030(f).

United States District Court

For the Northern District of California

1   arguments persuading the Court to deviate from its prior ruling.[2]  Thus, the Court **GRANTS** Defendants'

2   request to strike Plaintiff's damages claim against the City and County of San Francisco, the Juvenile

3   Probation Department of the City and County of San Francisco, and Tim Diestel.[3]

    **C.**    **Violation of the California Constitution Based on Defendants' Government Code
Immunities**

        In their previous Motion, Defendants moved to dismiss Plaintiff's claims under the California

Constitution based on statutory immunities under Government Code §§ 844.6, 820.2, and 820.8.

Defendants subsequently withdrew their immunity argument without prejudice to Defendants re-

asserting it at a later time.  (*See* Doc. #29 at 2.)  Defendants now renew their governmental immunity

defense as to Plaintiff's claims under the California Constitution in the First Amended Complaint.[4]

Plaintiff, however, maintains that the various governmental immunity statutes are inapplicable against

her claims for direct violations of the California Constitution.

        The parties' discussion is primarily focused on *Fenton v. Groveland Community Services

District*, 135 Cal. App. 3d 797 (Cal. Ct.  App. 1982).  In that case, the plaintiffs alleged that county and

various county entities and employees violated their right to vote under the California Constitution.  The

county defendants sought to dismiss the action, relying on the governmental immunities provided in

Government Code §§ 815, 818, and 820.2.  The trial court sustained the county defendants' demurrer,

but did not indicate which statute it found dispositive.  On appeal, the court considered the county's

governmental immunities argument under all three sections.  As to § 815, the court noted that this

section barred causes of action for damages for personal injuries.  However, because the state

constitutional right to vote is contained in a self-executing provision, the court held that § 815 did not

bar the plaintiffs' cause of action.  *Id.* at 805-06.  With respect to the county's argument that § 820.2

barred the plaintiffs' suit, the court held that the county defendants had failed to establish that the actions

---

[2]In her Opposition, Plaintiff argues that Defendants are not entitled to governmental immunity
because they "violated a mandatory duty" under § 4030.  However, because Plaintiff's claim for
violation of § 4030 fails as a matter of law, Plaintiff's argument that Defendants violated a mandatory
duty imposed by § 4030 fails, as well.

[3]To the extent that Plaintiff seeks injunctive relief, her claim under § 52.1(b) survives.

[4]Defendants do not dispute that California Government Code immunities do not apply to
Plaintiff's federal law claims.  (Motion at 7.)

**United States District Court**
For the Northern District of California

1  underlying the plaintiffs' complaint rose to a level of policy-making, such that immunity under § 820.2

2  for discretionary acts attached. *Id.* at 806-07.  Finally, with respect to Government Code § 818, the court

3  found that the defendants' reliance on this section only related to their motion to strike certain

4  allegations in the plaintiffs' complaint, and not to any immunity claim. *Id.* at 807.

5      In their Motion, Defendants argue that *Fenton* supports the conclusion that liability for claims

6  under the California Constitution is subject to Government Code immunities.  Particularly, Defendants

7  submit that the *Fenton* court's holding that § 815 did not protect a public entity from suits under the

8  right to vote provision in the California Constitution, does not imply that other, more specific statutory

9  immunities are also inapplicable to claims for damages under different provisions of the state

10  constitution.  Rather, Defendants advance that if the *Fenton* court believed that its ruling with respect

11  to § 815 also foreclosed immunity under § 820.2, the court would not have addressed the defendants'

12  § 820.2 immunity argument.  Defendants thus argue that, in addressing the § 820.2 argument, the *Fenton*

13  court impliedly recognized that if the decision at issue had been a discretionary policy decision, the

14  defendants would have been immune from the plaintiffs' state constitutional claim.  The Court disagrees

15  with Defendants' reading of the *Fenton* decision.

16      As Defendants' note, the *Fenton* court did not address whether § 820.2 provided the county

17  defendants with immunity because it found that the county defendants had failed, in the first instance,

18  to establish that their conduct came within the ambit of § 820.2.  Because they did not make this initial

19  showing, the court disposed of the § 820.2 immunity argument without reaching the issue of whether

20  it provided immunity against claims arising under the state constitution.  *See Fenton*, 135 Cal. App. 3d

21  at 806-07.  Defendants' argument that, by evaluating the § 820.2 argument, the court impliedly

22  recognized that § 820.2 could protect public entities with immunity from constitutional claims, finds no

23  support in the decision.  In fact, the court stated that because the trial court did not identify which code

24  section provided the defendants' with immunity, it had to evaluate all three. *Id.* at 803.  Thus, the

25  significance that Defendants' attach to the appellate court's evaluation of the § 820.2 argument is

26  undermined by this procedural backdrop.  For these reasons, the Court finds that *Fenton* offers nothing

27  to advance Defendants' immunity argument.

28      Defendants further contend that application of California Government Code immunities to state

United States District Court

For the Northern District of California

constitutional damages claims is consistent with rules of statutory construction.   Specifically, Defendants argue that there is no presumption that a state constitutional provision trumps a state statute, such as those contained in the Government Code.   Defendants' argument, however, is unpersuasive. The question is not whether a right arising under the state constitution trumps the immunities under the Government Code, but whether the Government Code immunities extend protection beyond statutory claims against government entities to claims arising under the state constitution.   Defendants have failed to identify any authority, and the Court has found none, applying the Governmental Code immunities to protect public entities from liability arising under the state constitution.   Rather, the only authority that the parties have cited supports the opposite conclusion.   *See Fenton*, 135 Cal. App. 3d at 805-06; *Young v. County of Marin*, 195 Cal. App. 3d 863, 869-70 & n.3 (Cal. Ct. App. 1987) (noting that Legislative Committee comment "made clear" that Government Code § 815 does not protect against constitutionally created claims).   Consequently, Defendants have failed to meet their burden of establishing that they are entitled to immunity from Count Three of Plaintiff's First Amended Complaint.   The Court therefore **DENIES** Defendants' Motion to Dismiss this claim.

### D.      Plaintiff's Class Allegations

Defendants contend that Plaintiff's class allegations are unclear and require additional allegations to clarify the putative classes she intends to represent.   Particularly, Defendants argue that in paragraph 51(a) of the First Amended Complaint, Plaintiff alleges that, "Defendants routinely follow a custom, policy and/or practice" that includes "fail[ing] to investigate and review the basis for the arrest an proposed criminal charges against the minor to ensure that the minor is properly and legally arrested and within the custody of the Juvenile Probation Department."   Defendants state that, in paragraphs 57 and 58, Plaintiff describes the members of the class as including two groups, namely: (1) "all persons . . . who were arrested as minors and subjected to one of more pre-arraignment strip and/or visual body cavity searches at Juvenile Hall without legal basis"; and (2) "all persons . . . who were arrested as minors and subjected to pre-arraignment, non-consensual medical procedures, testing and/or inquiries at Juvenile Hall without legal basis[.]"   Defendants argue that if Plaintiff intends to represent a class of persons who complain that they were arrested without probable cause, as suggested in paragraph 51, then Defendants "would show on subsequent motions that Juvenile Hall has no obligation under state

8

or federal law to 'investigate and review the basis for the arrest and proposed criminal charges against the minor to ensure that the minor is properly arrested.'" Based on this argument, it does not appear that Defendants cannot ascertain the nature of Plaintiff's allegations.  Rather, Defendants dispute Plaintiff's allegations that they violated any legal duty owed to Plaintiff or the putative class of plaintiffs.  The Court therefore **DENIES** Defendants' Motion for a More Definite Statement.

**IV.     Conclusion**

For the foregoing reasons, the Court: (1) **GRANTS** Defendants' Motion to Strike Plaintiff's allegations regarding violations of § 4030; (2) **GRANTS** Defendants' Motion to Strike Plaintiff's damages claim under California Civil Code § 52.1 against the City and County of San Francisco, the Juvenile Probation Department of the City and County of San Francisco, and Tim Diestel; (3) **DENIES** Defendants' Motion to Dismiss Count Three for Direct Violation of the California Constitution; and (4) **DENIES** Defendants' Motion for a More Definite Statement as to Plaintiff's class allegations.

**IT IS SO ORDERED.**

Dated: 11/22/2005

_____
MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California